IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR242 |
| | ) | |
| v. | ) | |
| | ) | |
| JANICE GRANT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on defendant's motions in limine, Filing Nos. 36 and 37, and the government's motion in limine, Filing No. 38. The court conducted a hearing on October 23, 2007, wherein the court received evidence and testimony from expert witnesses presented by both the defendant and the government. Defendant wishes to introduce evidence of battered person syndrome during her criminal trial in this case. The government objects and has asked the court to permit it to introduce evidence of prior acts of violence committed by the defendant. Defendant also wishes to introduce certain instances of previous acts. Defendant is charged in this case in a superseding indictment with one count of second degree murder and one count of manslaughter. Filing No. 29.

**Daubert Standard**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). Expert testimony assists the trier of fact when it provides information beyond the common

knowledge of the trier of fact.  *Id.* at 860.

When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993); *United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006).  A trial court must be given wide latitude in determining whether an expert's testimony is reliable.  *See Kumho Tire,* 526 U.S. at 152.  This analysis requires that the court make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology . . . can be [properly] applied to the facts in issue."  *Daubert*, 509 U.S. at 592-93.  The court may consider several factors in determining the soundness of the scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally accepted in the relevant scientific community.  *Id.* at 593-594.  Courts must focus on the principles and methodology rather than the conclusion they generate.  *Id.* at 595.

"Nothing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck*, 338 F.3d at 861 (*quoting Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001).  Rather, the proponent of expert testimony bears the burden of providing admissibility beyond a preponderance of the evidence.  *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001).  The expert's assurances that he has utilized generally accepted scientific

methodology is insufficient to establish admissibility. *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995) (on remand). The United States Court of Appeals for the Eighth Circuit adheres to the rule that when the application of a scientific methodology is challenged as unreliable under *Daubert* and the methodology itself is otherwise sufficiently reliable, outright exclusion of the evidence is "warranted only if the methodology was so altered by a deficient application as to skew the methodology itself." *United States v. Gipson*, 383 F.3d 689, 697 (8th Cir. 2004) (brackets omitted) (*quoting United States v. Martinez*, 3 F.3d 1191, 1198 (8th Cir. 1993)).

**Battered Person Evidence**

The court first determines that battered person syndrome is a viable defense in the Eighth Circuit. *See Arcoren v. United States*, 929 F.2d 1235 (8th Cir. 1991). Second, the defendant wishes to offer the testimony of expert witness Dr. Paulajo Mailin. Dr. Mailin is a graduate of the Creighton University School of Medicine, and she performed her residency in psychiatry through the University of Nebraska and Creighton School of Medicine. Dr. Mailin is board certified in psychiatry. She testified as to her expertise in the areas of domestic violence, battered person syndrome, and post traumatic stress syndrome. After listening to her testimony and reviewing her curriculum vitae, the court concludes that Dr. Mailin is a qualified expert in this case.[1]

With regard to her testimony, the court concludes that Dr. Mailin may testify as to the general theoretical basis of battered partner syndrome. The court determines that this expert opinion will assist the fact finder as contemplated by Fed. R. Evid. 702. *See*

---

[1] Likewise, the court determines that the government's expert, Dr. Terry Davis, is qualified to testify at trial on the issue of the theoretical underpinnings of battered partner syndrome.

*Arcoren*, 929 F.2d at 1239-40. The court finds this evidence is relevant as to the defendant's claim of self-defense. This is particularly true where "the availability of retreat may be a factor for the jury to consider in evaluating whether unreasonable force was used. *United States v. Goodface*, 835 F.2d 1233, 1235-36 (8th Cir. 1987)." Eighth Circuit Manual of Model Jury Instructions (Criminal) § 9.04 (Committee comments). The battered spouse defense explains why a partner does not retreat. However, the court wishes to make clear that neither Dr. Mailin nor Dr. Davis may not testify or make conclusions regarding whether this defendant actually has so called battered partner syndrome or a psychiatric disorder without conducting an examination of the defendant and a review of her relevant medical history.

### Testimony of Prior Acts

Both the government and the defendant wish to introduce prior acts to support their respective cases. The court finds that certain of the requested evidence is relevant under Fed. R. Evid. 404(b). *See also United States v. Sykes,* 977 F.2d 1242, 1246 (8th Cir. 1992); *United States v. DeLuna*, 763 F.2d 897, 912 (8th Cir. 1985). After listening to the evidence, arguments, and after reviewing the briefs and relevant caselaw, the court concludes as follows. Evidence may be introduced regarding trips to the emergency room by both the defendant and the decedent, as long as such testimony relates to alleged abuse by one or the other. The defendant may also introduce evidence that the decedent beat or abused her. Likewise, evidence that the defendant abused the decedent may be introduced. Further, assaults by the defendant that occurred with third parties that involve a knife (during the time period of defendant's relationship with the decedent) are also admissible. However, the court instructs the parties that before any of the aforementioned

evidence is introduced, counsel must first so advise the court.  If need be, a side-bar or conference outside the presence of the jury will be taken at that time.  Likewise, if after this ruling either the government or the defendant still believe that other prior consistent acts are still relevant, those acts must be brought to the court's attention and a ruling made prior to any attempt to introduce such evidence.

THEREFORE, IT IS ORDERED THAT defendant's motions in limine, Filing Nos. 36 and 37, are granted in part and denied in part as set forth herein.  It is further ordered that the government's motion in limine, Filing No. 38, is granted in part and denied in part as set forth herein.

DATED this 23rd day of October, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge