IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>JANICE GRANT,<br><br>　　　　　　　Defendant. | 8:07CR242<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on the defendant Janice Grant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). Filing No. 135, § 2255 Motion. After a trial, the jury found Ms. Grant guilty of Count I of the superseding indictment for second degree murder of her boyfriend Erasmo Porter. Filing No. 29, Superseding Indictment; Filing No. 88, Verdict. The court sentenced Ms. Grant to a 180-month term of imprisonment, followed by five years of supervised release. Filing No. 108, Judgment. In the Sentencing Memorandum, the court indicated that the 292 to 365 month range calculated in the Presentence Investigation Report exceeded the appropriate length of incarceration when considering the goals of imprisonment and of the sentencing guidelines. Filing No. 105 at 26, Presentence Investigation Report; Filing No. 107 at 17, Sentencing Memorandum. Ms. Grant appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed the judgment. Filing No. 110, Notice of Appeal; *United States v. Grant*, 563 F.3d 385, 394 (8th Cir. 2009).

　　　　In her § 2255 motion, Ms. Grant alleges her attorney, Jeffrey L. Thomas, did not provide effective assistance of counsel. Filing No. 135. Ms. Grant bases her motion on

the theory that Mr. Thomas failed to challenge testimony by Geraldine Brewer that the defendant had plotted to kill Mr. Porter. *Id.* at 7. The defendant also claims Mr. Thomas should have called Gina Monroy, the victim's mother, as a witness. *Id.* at 10. Ms. Grant believes Ms. Monroy's testimony would have revealed that the defendant did not intend to kill the decedent. *Id.* In her response to the government's answer, Ms. Grant raises an additional ground for relief alleging that Ms. Monroy paid Ms. Brewer to testify on behalf of the United States. Filing No. 147, Response to Government's Answer; Filing No. 148, Declaration of Virginia Grant in Favor of Defendant's § 2255 Motion.

**I. Facts of the Case**

The evidence adduced at trial shows that on July 3, 2007, Ms. Grant admittedly stabbed and killed Mr. Porter. Filing No. 1 at 8, Complaint; Filing No. 78 at 20, Transcript of Testimony of Janice Grant. The night before, Mr. Porter visited and drank beers with several friends in front of Unit # 29 and Unit # 30 Sunrise Drive on the Omaha Indian Reservation in Macy, Nebraska. Filing No. 1 at 5, 6. After midnight, Mr. Porter entered Unit # 30 where he resided with Ms. Grant. *Id.* at 4-6. An argument ensued and escalated. *Id.* at 9-10; Filing No. 78 at 13-20. According to the testimony of Ms. Grant and her brother Jeremy Grant, Mr. Porter swung a bag full of beer cans and kicked at the defendant. *Id.* During the struggle Ms. Grant retrieved a knife from a drawer and eventually stabbed Mr. Porter once in the chest, fatally wounding him. *Id.*

At trial, Geraldine Brewer testified that about one week prior to Mr. Porter's death she had overheard Ms. Grant and her brother Jeremy planning to stab the victim. Filing No. 117 at 25, Transcript of Trial Proceedings. However, the defendant consistently states that during the incident on July 3, 2007, she intended only to convince Mr. Porter

to leave the residence. Filing No. 78 at 19, Filing No. 1 at 8. Ms. Grant claimed both in her interview with the police and at trial that she aimed for Mr. Porter's arm, but he slipped or moved suddenly and the knife pierced his chest instead. Filing No. 1 at 8; Filing No. 78 at 50-51.

The court instructed the jury on the elements of both second degree murder and voluntary manslaughter.[1] Filing No. 94, Final Jury Instructions. The jury found Ms. Grant guilty of second degree murder. Filing No. 88. Accordingly, to arrive at its verdict, the jury must have found that Ms. Grant acted with malice aforethought.[2]

## II. Ineffective Assistance of Counsel

### A. The law: Two-prong *Strickland* test

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). A movant may raise ineffective assistance of counsel issues in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary

---

[1] Instruction No. 10 lists the following as elements of second degree murder:
"1. The defendant unlawfully caused the death of Erasmo Porter;
"2. The defendant did so with malice and aforethought as defined in Instruction No. 12 [sic]; and
"3. The killing occurred within the boundaries of the Omaha Indian Reservation."

Instruction No. 14 lists the following as elements of voluntary manslaughter:
"1. The defendant voluntarily, intentionally, and unlawfully caused the death of Erasmo Porter;
"2. The defendant acted upon the heat of passion or sudden quarrel caused by adequate provocation, as defined in Instruction No. 16 and Instruction No. 17; and
"3. The killing occurred within the boundaries of the Omaha Indian Reservation."

[2] Instruction No. 11 defines "malice aforethought" as "intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life." Filing No. 94 at 14, Final Jury Instructions.

process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and to a defendant's first appeal of right. *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The

reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). In addition, failure to raise an argument that "may have had merit, [but] was a wholly novel claim at the time" does not render counsel's performance deficient. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005); *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal because question was settled in other circuits).

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 998 (8th Cir. 2010). In the sentencing context, prejudice exists when the movant shows that, had counsel presented another argument, the defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland.*" *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708,

711 (8th Cir. 2005); *King,* 595 F.3d at 853-54. A movant is entitled to relief under § 2255 if an error by appellate counsel costs a defendant the opportunity to present a meritorious argument on direct appeal. *King*, 595 F.3d at 853 (involving plain error in the dismissal of a direct appeal on the basis of an unenforceable appeal waiver).

### B. No evidence of deficient performance or prejudice

Ms. Grant's § 2255 motion does not pass the *Strickland* test for ineffective assistance of counsel. As discussed below, the record shows that Mr. Thomas made reasonable strategic choices in presenting Ms. Grant's defense. The defendant fails to set forth facts that, if taken as true, indicate her attorney performed deficiently in any way. Therefore, the defendant's ineffective assistance of counsel claim fails.

Ms. Grant fails to prove that Mr. Thomas was ineffective. Ms. Grant alleges Mr. Thomas should have called Ms. Monroy as a witness at trial. Filing No. 135 at 10-11. Mr. Thomas's decision stands "virtually unchallengeable." *Rodela-Aguilar*, 596 F.3d at 464 (quoting *Staples*, 410 F.3d at 488-89) (internal quotation marks omitted) (stating counsel's strategy choices and decisions to not call witnesses stand virtually unchallengeable). The record shows the United States initially intended to call Ms. Monroy as a witness, but both the government attorneys and Mr. Thomas made the decision not to present her testimony after investigation. Filing No. 142 at 15-16, Brief in Support of the United States' Answer to Defendant's Motion under 28 U.S.C. § 2255; Filing No. 117, at 32 (government attorney stating that Gina Monroy would not be testifying after all).

The record shows Ms. Monroy's testimony would have done more harm than good to Ms. Grant's defense. *See, e.g.,* Filing No. 142 at 16 (stating Ms. Monroy was

6

hostile towards Ms. Grant and the attorneys feared a mistrial); Filing No. 143 at 1, Defense Counsel's Affidavit on Defendant's Ineffective Assistance Claims (stating that Ms. Monroy was hostile toward Ms. Grant). The court also takes note of Ms. Monroy's request at the time of trial that Ms. Grant receive "life without parole." Filing No. 105 at 8. The court finds Mr. Thomas made a reasonable strategic decision not to seek this testimony.

Even if the defendant could show deficient performance, she cannot show a reasonable probability that the result of the proceedings would have been different if Ms. Monroy testified in her favor. In her motion, the defendant contends that Mr. Thomas should have interviewed Ms. Monroy regarding conflicting accounts of limited relevance to the crucial issue of intent. Filing No. 135 at 8. Furthermore, Ms. Monroy's supposed belief that the defendant did not intend to kill the victim lacks any real evidentiary value. The record does not support the defendant's claims of ineffective assistance of counsel.

### III. Alleged witness tampering

The court finds the defendant's additional claim that Ms. Monroy paid Ms. Brewer to testify on behalf of the United States deserves further inquiry. *See* Filing No. 147; Filing No. 148. The court does not have sufficient facts to consider this claim at this point. Ms. Grant submitted a declaration from her mother containing only hearsay. Filing No. 148 (stating Ms. Brewer told Darla White Magpie who told Virginia Grant that Ms. Monroy paid Ms. Brewer).

Ms. Grant deserves an opportunity to develop the facts that support this allegation. The allegation, if proved and previously undiscoverable, could affect Ms.

Brewer's credibility and affect the outcome. Due to the defendant's current incarceration, the court finds it appropriate to appoint counsel to represent Ms. Grant on this claim.

THEREFORE, IT IS ORDERED

1. The defendant's § 2255 claims for ineffective assistance of counsel in connection with presentation of witness testimony are denied.

2. The court appoints attorney Matthew Kahler to represent the defendant in connection with her claim of witness tampering.

3. Counsel for the defendant shall file a status report and brief with the court within 30 days of the date of this order.

4. Counsel for the government has 14 days thereafter to file a brief addressing this issue.

Dated this 18th day of June, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge