IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:07CR242 |
| vs. | |
| JANICE GRANT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant's letter dated August 29, 2013, construed as a motion for appointment of substitute counsel, Filing No. 152.   In an earlier order, the court found that the defendant's claim of alleged witness tampering deserved further inquiry.   Filing No. 149, Memorandum and Order at 7-8.   The court appointed attorney Matthew Kahler to represent her.   *Id.* at 8.   Mr. Kahler was ordered to file a status report and granted an extension of time to September 16, 2013, to do so. *Id.*; see Filing No. 151, text entry.   The defendant asserts that counsel "just doesn't seem interested."   Filing No. 152, Letter/motion at 1.

"While it is clear that an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable opportunity to do so, it is also clear that the right to retain counsel of one's choice is not absolute."   *United States v. Robinson*, 662 F.3d 1028, 1031 (8th Cir. 2011) (quoting *Urquhart v. Lockhart*, 726 F.2d 1316, 1319 (8th Cir.1984)); see *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006).   The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects.   *Id.*   The right to choice of counsel must not obstruct orderly

judicial procedure or deprive courts of their inherent power to control the administration of justice." *Id.*

Habeas Corpus petitioners do not have a right to counsel under the Sixth Amendment; however, under 18 U.S.C. § 3006A, courts are authorized to appoint counsel for federal habeas petitioners, and "in all cases in which a court [has] appointed counsel, substitution motions should be decided 'in the interests of justice.'" *Martel v. Clair*, 132 S. Ct. 1276, 1279 (2012) (quoting 18 U.S.C. § 3006A(c)). "Section 3006A applies the 'interests of justice' standard to substitution motions even when the Sixth Amendment does not require representation; that is presumptively so, for example, when a court provides counsel to a non-capital habeas petitioner." *Id.*

The "interests of justice" standard contemplates a peculiarly context-specific inquiry. *Id.* Relevant considerations generally include: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict). *Id.* at 1287. The burden is on the defendant to show justifiable dissatisfaction. *See United States v. Rodriguez*, 612 F.3d 1049, 1054 (8th Cir. 2010). In the Eighth Circuit, "justifiable dissatisfaction necessitating new counsel can arise from an irreconcilable conflict between the defendant and the attorney, a complete breakdown in their communications, or an actual conflict of interest resulting from continued representation." *Id.*

The court finds that, at this stage of the proceedings, the defendant has not demonstrated any such an irreconcilable conflict, complete breakdown in

2

communications, or actual conflict of interest.  Accordingly, the court finds that the defendant's motion for substitution of counsel should be denied.

IT IS HEREBY ORDERED that the defendant's motion for substitution of counsel, Filing No. 152, is denied.

DATED this 12th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge