IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:07CR242 |
| vs. | |
| JANICE GRANT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on the defendant Janice Grant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). Filing No. 135, § 2255 Motion.

Ms. Grant was convicted by a jury of second degree murder. The facts are set forth in an earlier order and need not be repeated here. *See* Filing No. 149, Memorandum and Order at 2-3. The court denied the defendant's § 2255 motion with respect to her claims of ineffective assistance of counsel. *Id.* at 8.

However, petitioner also claimed that a witness who did not testify at the trial paid another witness to testify that she had overheard Grant and her brother planning to stab the victim. *See* Filing No. 149, Memorandum and Order at 3. Specifically, she asserted that one of the material witnesses in her case, Geraldine Brewer, was paid by another individual, Gina Monroy, to testify falsely against the defendant. *See* Filing No. 147, Response. In support of that contention, she submitted a declaration from her mother, Virginia T. Grant, containing only hearsay. Filing No. 148, Declaration of Virginia T. Grant (stating that Darla White Magpie (Geraldine Brewer's sister) told her that Geraldine Brewer had told Magpie that Gina Monroy gave Brewer money and drugs so

she would lie at trial). In view of the circumstances, the court found that the petitioner should be afforded an opportunity to develop facts that could support her allegations as to that claim and appointed counsel to represent her on that claim. *See* Filing No. 149, Memorandum and Order at 7-8.

Counsel later reported that he had been unable to contact the three individuals who may have had information relevant to the witness tampering allegations. *See* Filing No. 157, Status Report. He stated that two of the three witnesses were living out of state with unlisted addresses and phone numbers, and he was unable to locate a third, who remains out on an active warrant in Douglas County, Nebraska. He requested additional time to locate the individuals and the court granted that request. *Id.*; Filing No. 158, Text Order. On March 7, 2016, counsel was given 30 days in which to submit evidence of the claim. Filing No. 159. To date, no evidence has been submitted.

As stated in the court's earlier order, Ms. Grant was unable to satisfy the prejudice prong of her ineffective assistance of counsel claim based on issue of her attorney's failure to call Gina Monroy to testify because "[t]he record shows Ms. Monroy's testimony would have done more harm than good to Ms. Grant's defense. See, e.g., Filing No. 142 at 16 (stating Ms. Monroy was hostile towards Ms. Grant and the attorneys feared a mistrial)." Filing No. 149, Memorandum and Order at 6-7. She is similarly unable to show any prejudicial effect as a result of purported witness tampering. There was sufficient evidence at trial to support the jury's verdict. *See* Filing No. 149, Memorandum and Order at 3.

To succeed on her claim of allegedly perjured testimony, the petitioner would have to show, not only that there was impropriety in a witness's testimony, but that the

government knew of and sanctioned the conduct. See *United States v. LaFuente*, 991 F.2d 1406, 1411 (8th Cir. 1993). A court should reverse a conviction for prosecutorial misconduct only if the improper conduct so prejudiced the defendant that he or she was unable to obtain a fair trial. *Id.*; *Rhodes v. Foster,* 682 F.2d 711, 714 (8th Cir. 1982) (to obtain a new trial based on prosecutorial misconduct, a defendant must show not just that misconduct occurred, but that it "fatally infected" the trial). In determining the prejudicial effect of prosecutorial misconduct, the court examines the cumulative effect of all misconduct. *Id.* The court also considers the strength of the properly admitted evidence of the defendant's guilt. *United States v. Hernandez*, 779 F.2d 456, 460 (8th Cir. 1985).

The court finds that the defendant has been offered an opportunity to produce evidence that would substantiate her claim and she has failed to do so. There is no evidence of any impropriety in the evidence. Further, based on its familiarity with the evidence presented at trial, the court finds that there is substantial evidence of the petitioner's guilt, and any actions would have had no effect on the outcome of the trial.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's § 2255 claims in connection with presentation of witness testimony (Filing No. 135) are denied.

DATED this 2nd day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge